(41 App. Div. 226.)

### HANNON v. HARTFORD FIRE INS. CO.

(Supreme Court, Appellate Division, Second Department.   June 6, 1899.)

INSURANCE—CONSTRUCTION OF POLICY—CHANGE OF LOCATION OF INSURED PROP-
ERTY.

   The removal of an addition to the insured property does not invalidate
   the policy, where the addition continued to be on plaintiff's land, and
   within the terms of the location described in the policy, and did not in-
   crease the risk, though its original location was changed a distance of 30
   feet.

   Appeal from special term, Orange county.

   Action by John Hannon against the Hartford Fire Insurance Com-
pany.   From a judgment for plaintiff entered on an agreed statement
of facts, defendant appeals.   Affirmed.

   Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

   Thomas S. Jones, for appellant.
   A. H. F. Seeger, for respondent.

   GOODRICH, P. J.   By the policy of insurance upon which this
action is brought, the defendant insured the plaintiff against loss by
fire "to the following described property, while located and con-
tained as described herein, and not elsewhere, to wit: $450 on
frame, shingle-roofed dwelling house, and additions thereto; $150
on household furniture   *   *   *   [and other household articles]
while contained therein; $100 on frame, shingle-roofed barn, No. 1,
and attachments thereto.   All situate near Rockhill, Sullivan county,
N. Y., and occupied by the assured."   After the issuing of the policy,
one of the additions mentioned in it was detached from the house,
and moved to a point on the plaintiff's land 30 feet distant from its
original position, where it continued to be used for kitchen purposes
until it and its contents were destroyed by fire.   It will be observed
that the policy covered a risk on "property while located and con-
tained as described herein, and not elsewhere."   The only location
of the property described in the policy is, "All situate near Rockhill,
Sullivan county, N. Y., and occupied by the assured."   The removal
of the kitchen addition for a distance of 30 feet created no condition
which in terms excluded the kitchen from the location described in
the policy, and if it were not for a somewhat ambiguous clause in the
agreed statement of facts signed by both attorneys, upon which the
motion to dismiss was made, we should have no difficulty in arriving
at a conclusion.   That clause reads, "It is not intended by this mo-
tion to raise the question that by reason of the removal aforesaid the
hazard was increased."   That is, the defendant made a motion to
dismiss, and in making it admitted that it did not claim that there
was any increased hazard occasioned by the removal; and this state-
ment is tantamount to an admission on the part of the defendant
that the hazard was not increased.   We are thus brought to the
question whether the removal invalidated the policy, where the ad-
dition continued to be on the plaintiff's land, and within the terms

of the location described in the policy, though its precise location was changed a distance of 30 feet. It is not entirely clear that the word "located" refers at all to the buildings, although it precedes and apparently relates to the several items which form the subject of the risk, because it is connected by the word "and" with "contained." "Contained" could not apply to the buildings. It can relate only to personal property in the buildings. If "or" had been used instead of "and," there would have been no difficulty, but we think the words "located and contained" relate solely to the personal property. Thus construed, there is no ambiguity in the policy. The words "dwelling and addditions" would cover even a detached addition, and that whether detached before or after the issuance of the policy. If there is any ambiguity of doubt as to what risk was intended to be covered by the policy, it must be resolved in favor of the insured. In point of fact, if we may judge by results, it is evident that the risk not only was not increased, but was actually diminished, by the removal; for the fire was confined to the removed kitchen, and, with our common knowledge of the lack of facilities for extinguishing fires on farms, we may assume that a similar fire in the kitchen when it was annexed to the house would have resulted in the destruction of the entire building. There was then no increase of the risk accepted by the defendant, and, this being assumed, we must hold that there was no change of risk, and that the judgment must be affirmed.

Judgment affirmed, with costs. All concur.